Case: 1:03-cr-00621 Document #: 62-2 Filed: 07/24/03 Page 1 of 15 PageID #:106

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 24 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) JUDGE AMY ST. EVE |
| v. | ) 03 CR 621 |
| | ) |
| LEONARD CLARK, | ) MAGISTRATE JUDGE DENLOW |
| JUAN CRUZ, aka "Chubbs", | ) |
| OTTIS LITTLE, aka "Candyman", | ) |
| ANGEL SERRANO, aka "Rabbit", | ) Violations: Title 21, United States Code, |
| ERICK MARTINEZ, | ) Sections 846, 841(a)(1), and Title 18, United |
| DAVID SAEZ, aka "Bones", | ) States Code, Sections 2, 922(g), and |
| JONATHAN ENRIQUEZ, aka "Babyfat", and | ) 924(c)(1) |
| JOSE OLAQUEZ, aka "Green Eyes" | ) |

## COUNT ONE

The SPECIAL FEBRUARY 2002-2 GRAND JURY charges:

1.    From at least on or around February 21, 2001, and continuing until at least on or around July 24, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LEONARD CLARK,
JUAN CRUZ, aka "Chubbs",
OTTIS LITTLE, aka "Candyman",
ANGEL SERRANO, aka "Rabbit",
ERICK MARTINEZ,
DAVID SAEZ, aka "Bones",
JONATHAN ENRIQUEZ, aka "Babyfat", and
JOSE OLAQUEZ, aka "Green Eyes"

defendants herein, conspired with each other, and with others known and unknown to the Grand Jury, knowingly and intentionally to distribute and to possess with intent to distribute controlled substances, namely, mixtures containing in excess of 50 grams of cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

DOCKETED
JUL 25 2003

62

2. It was part of the conspiracy that certain members of a chapter of the Latin Kings street gang known as the "West Town Chapter" and other individuals (hereinafter the "West Town Chapter conspirators") distributed crack cocaine trafficking in the area of Sawyer Avenue between Wabansia and Armitage in Chicago, Illinois ("West Town"). Some members of the West Town Chapter maintained various roles in the hierarchy of the West Town Chapter. Defendant LEONARD CLARK held the position of "Inca", or, first in command, and defendant JUAN CRUZ held the position of "Cacique", or, second in command, in the West Town Chapter.

3. It was further part of the conspiracy that the West Town Chapter conspirators attempted to control the distribution of crack cocaine in West Town through various means, including violence and threats of violence. This violence was often imposed through "violations," which were punishments imposed by the leadership of the West Town Chapter, and included fines and physical beatings.

4. It was further part of the conspiracy that the West Town Chapter conspirators possessed and carried firearms in order to protect themselves, their narcotics, and the proceeds from their distribution of crack cocaine.

5. It was further part of the conspiracy that the West Town Chapter conspirators held meetings which were referred to as "demos," to discuss the distribution of crack cocaine in and around West Town, the imposition of violations, and other matters.

6. It was further part of the conspiracy that defendants LEONARD CLARK, JUAN CRUZ and others supplied wholesale quantities of crack cocaine to other West Town Chapter conspirators for distribution to others.

7. It was further part of the conspiracy that defendants LEONARD CLARK, JUAN CRUZ, and others required the members of the West Town Chapter to sell "Nation Packs," which

was crack cocaine supplied by ranking members of the West Town Chapter, the proceeds of which were to be used for the benefit of the West Town Chapter for bond money, to buy guns, and for other gang purposes. Defendants LEONARD CLARK, JUAN CRUZ, and others required Chapter members to sell "Nation Packs" in and around West Town on certain days which were called "Nation Days".

8. It was further a part of the conspiracy that defendant LEONARD CLARK decided when West Town Chapter conspirators would sell "Nation Packs". Co-defendants JUAN CRUZ and, later, ANGEL SERRANO, were responsible for distributing "Nation Packs" and collecting the money after drugs were sold.

9. It was further a part of the conspiracy that defendants LEONARD CLARK, JUAN CRUZ, OTTIS LITTLE, ANGEL SERRANO, ERICK MARTINEZ, DAVID SAEZ, JONATHAN ENRIQUEZ, and JOSE OLAQUEZ sold crack cocaine, including "Nation Packs", in and around West Town; provided security for each other to protect their crack cocaine-distribution operation from detection by the police; and otherwise assisted each other in distributing crack cocaine to customers in and around West Town.

10. It was further a part of the conspiracy that the defendants and other co-conspirators would and did conceal and hide and cause to be concealed and hidden the acts and the purposes of the acts done in furtherance of the conspiracy, and would and did use coded language, surveillance and counter-surveillance techniques and other means to avoid detection and apprehension by law enforcement authorities and otherwise to provide security to the members of the conspiracy;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about February 21, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

                OTTIS LITTLE, aka "Candyman",

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 26.8 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

-4-

## COUNT THREE

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about April 16, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

### LEONARD CLARK,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 7.2 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Sections 841(a)(1).

## COUNT FOUR

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about April 27, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

### LEONARD CLARK,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 13.7 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about May 23, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

### LEONARD CLARK,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 25.1 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about May 24, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

JONATHAN ENRIQUEZ, aka "Babyfat",

defendant herein, knowingly possessed a firearm, namely, a Smith & Wesson 439, 9 millimeter semi-automatic gun, serial number A825087, in furtherance of, and carried that firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute and possess with intent to distribute cocaine base (commonly known as "crack cocaine"), in violation of Title 21, United States Code, Section 846, as more fully described in Count One of this indictment;

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT SEVEN

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about May 24, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

JONATHAN ENRIQUEZ, aka "Babyfat",

defendant herein, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms in and affecting interstate commerce in that the firearms had traveled in interstate commerce prior to defendant's possession of the firearms, namely, a Smith & Wesson 439, 9 millimeter semi-automatic gun, serial number A825087, and a U.S. Revolver .32 caliber revolver;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about June 22, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

ANGEL SERRANO, aka "Rabbit",

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 2.4 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about June 28, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

JUAN CRUZ, aka "Chubbs",

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 1.6 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about June 28, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

JOSE OLAQUEZ, aka "Green Eyes",

defendant herein, knowingly possessed a firearm, namely, a Smith & Wesson, Model 10-7, .38 caliber gun, serial number 8D36906, in furtherance of, and carried that firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute and possess with intent to distribute cocaine base (commonly known as "crack cocaine"), in violation of Title 21, United States Code, Section 846, as more fully described in Count One of this indictment;

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT ELEVEN

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about June 28, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

JOSE OLAQUEZ, aka "Green Eyes",

defendant herein, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to defendant's possession of the firearm, namely, a Smith & Wesson, Model 10-7, .38 caliber gun, serial number 8D36906;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE

The SPECIAL FEBRUARY 2002-2 GRAND JURY further charges:

On or about July 24, 2001, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

ERICK MARTINEZ,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, approximately 3.1 grams of mixtures containing cocaine base (commonly known as "crack cocaine"), a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

No.

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

UNITED STATES OF AMERICA

vs.

LEONARD CLARK

INDICTMENT

Violations: Title 18 United States Code, Sections 2, 922(g), and 924(c)(1), and Title 21, United States Code, Sections 846, 841(a)(1),

A true bill,

_____
Foreman

Filed in open court this 24 day of July, A.D. 20 03

_____
Clerk

Bail, $ _____

PO 880.320